**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HALLMARK COUNTY MUTUAL INSURANCE COMPANY, a Texas corporation, )))) | |
| Plaintiff, )) | |
| v. ) | Case No. CIV-16-120-KEW |
| ) | |
| J.D. WILSON, an individual; CHAD SCOTT, an individual; SOONER EMERGENCY SERVICE, INC., an Oklahoma corporation; and MORGAN TOWING AND RECOVERY, an Oklahoma corporation, )))))))) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendants Sooner Emergency Service, Inc. and Morgan Towing and Recovery's Motion to Dismiss (Docket Entry #17). Plaintiff initiated this action on April 7, 2016, seeking recovery for negligence, contribution and indemnification, and for the recovery of property stemming from a traffic accident occurring on February 18, 2016 in Wagoner County, Oklahoma. Plaintiff brings its claims as the insurer of and a subrogee to the rights of Jesus Sanchez d/b/a JVS Transport ("Sanchez), a party whose tractor trailer was destroyed as a result of the alleged negligence of Defendants Wilson and Scott. Defendants Sooner Emergency Service, Inc. and Morgan Towing and Recovery (collectively referred to as the "Moving Defendants") incurred expenses in the removal of disabled vehicles from the scene and to provide environmental cleanup services.

The Moving Defendants contend in the subject Motion that

dismissal is appropriate since (1) the amount in controversy is less than $75,000.00 representing the jurisdictional amount necessary to remain in federal court; and (2) Plaintiff failed to join an indispensable party, the inclusion of whom would defeat complete diversity of citizenship. The Complaint alleged that the Moving Defendants billed Sanchez and Plaintiff for towing and cleanup services in the amount of $78,131.40. They now assert, however, that in a related state court action they have decreased their demand for services to an amount less than $75,000.00. The decreased amount of $71,910.10 was asserted in the state court action on May 31, 2016 after it was determined that Defendant Morgan Towing and Recovery's combined billing with Defendant Sooner Emergency Service, Inc. include a 25 percent mark up of Sooner's bill which was not appropriate.

Federal jurisdiction based upon diversity of citizenship requires complete diversity of citizenship of the parties named in the action and an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The "time-of-filing" rule requires a determination of "the jurisdictional facts as they are when the complaint is filed, not as they might be upon final judgment." Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006). This includes the amount in controversy. Id. At the time the Complaint was filed, the Moving Defendants had submitted invoices in the amount of $78,131.40 for payment. This objective evidence supported Plaintiff's assertion that the jurisdictional amount was satisfied. The Moving Defendants' subsequent and

apparently voluntary reduction in the invoice does not affect the validity of jurisdiction at the time of the filing of the Complaint.

The Moving Defendants also assert that Sanchez, a resident of Texas, is an indispensable party to this litigation. They contend that complete relief cannot be afforded the parties to this case without Sanchez's inclusion as a party. The determination as to whether a party is indispensable is governed by the application of Fed. R. Civ. P. 19(a). This Rule provides that a party is indispensable if:

    (A)  in that person's absence, the court cannot accord complete relief among existing parties; or

    (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i)  as a practical matter impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk or incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Once the determination is made on the person's necessity to the action, the Court must determine whether joinder of the necessary party is feasible. Fed. R. Civ. P. 19(b). If joinder is not feasible, the Rule requires an analysis of whether the action should continue or should be dismissed. Id.

The necessity of Sanchez's joinder in this case turns upon an

3

examination of the nature of this action.  Plaintiff brings a claim against Defendants Wilson and Scott as alleged tortfeasors in the accident for the recovery of the property damages paid pursuant to its contractual obligation under the insurance policy it issued to Sanchez.  It does not bring any negligence claims for recovery of damages from these tortfeasors for other losses which Sanchez may or may not have sustained but which were not covered by the insurance policy with Plaintiff.  Additionally, the claims asserted by Plaintiff against the Moving Defendants are limited to a determination of the cleanup and towing fees charged by these parties, again for which Plaintiff may be contractually liable to Sanchez.  As a subrogee, Plaintiff will step into the shoes of Sanchez for the purpose of determining these amounts and is subject to the defenses that the Moving Defendants may assert, including contributory negligence.  <u>Employers Mut. Cas. Co. v. Mosby</u>, 943 P.2d 593, 595 (Okla. 1997).  Since any defenses which the Moving Defendants might possess can be asserted against Plaintiff, the parties to this action may be afforded complete relief and Sanchez is not indispensable to this action.  As a result, diversity of citizenship and the attendant jurisdiction may be maintained.

IT IS THEREFORE ORDERED that Defendants Sooner Emergency Service, Inc. and Morgan Towing and Recovery's Motion to Dismiss (Docket Entry #17) is hereby **DENIED**.

IT IS SO ORDERED this 11th day of January, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE